UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAYMOND N. CHACE. JR.<br><br>               Plaintiff,<br><br>    v.<br><br>NATIONSTAR MORTGAGE LLC, and FEDERAL NATIONAL MORTGAGE ASSOCIATION, DOES 1-10 and ROES 2-10, et. al.,<br><br>               Defendants. | Case No. 1:10-CV-331-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

On November 10, 2010, Magistrate Judge Dale issued an Initial Review Order requiring Plaintiff to file an Amended Complaint on or before December 17, 2010. Magistrate Judge Dale explained that the Complaint failed to comply with applicable rules. In her order, Magistrate Judge Dale explained in detail the shortcomings in Plaintiff's Complaint.

Plaintiff filed his Amended Complaint that same day. (Dkt. 6). The Amended Complaint was identical to the Complaint in all material respects with the exception of adding Defendant Federal National Mortgage Association as a Defendant and naming it in place of MERS where MERS was mentioned in the original Complaint. The same eight causes of action, with no substantive changes, were alleged in the Amended

Complaint.

Plaintiff also filed a motion to change the caption and properly identify another defendant. On November 22, 2010, Magistrate Judge Dale granted that motion and gave Plaintiff an opportunity to amend the Complaint to add the additional defendant. However, the Court noted that the First Amended Complaint suffered from the same deficiencies identified by the Court's November 10, 2010 Initial Review Order. The Court explained that Plaintiff had not identified any conduct attributable to Defendant Federal National Mortgage Association as it relates to Plaintiff and the eight causes of action alleged, other than it was the "investor" in the mortgage at issue. Plaintiff did not set forth any particular acts, statements, or conduct attributable to Federal National Mortgage Association establishing any of the elements of the eight causes of action asserted against Federal National Mortgage Association.

Accordingly, although Magistrate Judge Dale granted Plaintiff an opportunity to amend his Complaint to add the additional defendant, Magistrate Judge Dale also ordered Plaintiff to comply with the Court's November 10, 2010 Initial Review Order. The Court explained that because Plaintiff had named a second Defendant, the Court would give Plaintiff additional time to comply with the Court's initial order. Magistrate Judge Dale specifically cautioned Plaintiff that he would have only until December 30, 2010 to file the Second Amended Complaint. Magistrate Judge Dale explained that failure to sufficiently amend the Amended Complaint by that date would result in reassignment to a District Judge for consideration of summary dismissal of this matter with prejudice.

Plaintiff requested more time to file his Second Amended Complaint, and the Court gave him until January 21, 2011.

Plaintiff filed his Second Amended Complaint on January 21, 2011. As noted above, Magistrate Judge Dale explained in detail why all of Plaintiff's claims in his original Complaint fail as a matter of law. The Second Amended Complaint is almost identical to the original Complaint. Essentially, the only amendments in the Second Amended Complaint are Plaintiff's requests that the defendants prove his allegations wrong, and notations that his demands for documents contrary to his allegations remain unheeded. These amendments do not cure the defects in his original Complaint. Accordingly, for the reasons explained in Magistrate Judge Dale's Initial Review Order, the Court will dismiss Plaintiff's claims with prejudice. The Court will not grant Plaintiff a third opportunity to file an amended complaint.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Second Amended Complaint is **DISMISSED WITH PREJUDICE**.

2. The Court will enter a separate judgment pursuant to Federal Rule of Civil Procedure 58.



DATED: **April 10, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge